1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHNIE L. STOCKER, ) | 1:07-cv-00589 LJO DLB (PC) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | LEAVE TO AMEND THE |
| v. ) | SCHEDULING ORDER FOR THE |
| ) | PURPOSE OF PROPOUNDING |
| ) | LIMITED DISCOVERY TO |
| WARDEN, et. al., ) | ASCERTAIN IDENTITIES OF |
| ) | ADDITIONAL DEFENDANTS |
| Defendants. ) | (Doc. 33) |
| _____ ) | |

Plaintiff Johnie Stocker ("Plaintiff") filed the instant Motion for Leave to Amend the Scheduling Order on December 8, 2008.  The motion was heard on January 9, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Attorney Angelina Chew appeared telephonically on behalf of Plaintiff.  Jill Scally appeared on behalf of Defendants.

## **PROCEDURAL BACKGROUND**

Plaintiff, initially proceeding pro se, filed a civil rights action on April 17, 2007.  On July 30, 2007, Plaintiff, through counsel, filed a First Amended Complaint.  The complaint involves allegations of inadequate and deliberately indifferent medical care and rehabilitation provided to Plaintiff after he dislocated his finger while incarcerated at Kern Valley State Prison.

On December 28, 2007, the Court issued a scheduling order setting the discovery deadline for

1  August 20, 2008.

2        On August 4, 2008, the parties stipulated to extend the discovery deadline to schedule the

3  deposition of Plaintiff and the depositions of Defendants Zamora, Grannis, Alomari, Smith and

4  Akanno.  On August 8, 2008, the Court amended the scheduling order to allow the depositions to be

5  completed by November 30, 2008.

6        On October 16, 2008, Plaintiff filed an ex parte application to extend the deadline to file pre-

7  trial dispositive motions.  Defendants opposed the application.  On October 23, 2008, the Court

8  amended to the scheduling order to extend the deadline for pre-trial dispositive motions to January

9  30, 2009.

10        On December 8, 2008, Plaintiff filed the instant motion to amend the scheduling order.

11  Plaintiff explains that in recent depositions taken in November 2008, defendants directly involved in

12  providing medical care to Plaintiff have disavowed any responsibility for scheduling timely medical

13  appointments and have disclaimed responsibility for addressing the medical delays Plaintiff

14  experienced or for ensuring that he received the proper course of medical treatment.  Plaintiff further

15  explains that defendants have claimed such duties rest with others, such as "nurses," "nursing

16  supervisors," or the "Chief Medical Officer."

17        For example, Plaintiff refers to the deposition testimony of Dr. Jonathan Akanno, who

18  reportedly testified that he was not responsible for scheduling the inmates for appointments.  Instead,

19  Dr. Akanno indicated that nurses and the nursing supervisor(s) were responsible for scheduling

20  patients to see doctors.  According to Plaintiff, Dr. Akanno further testified that the Chief Medical

21  Officer is responsible for oversight of all clinical aspects of medical care at the prison, but it was not

22  clear from his testimony who held the position at the time of Plaintiff's injury.

23        Plaintiff contends that he could not have known of the "disavowals" or of the alleged

24  hierarchy of responsibility before taking defendants' depositions.  Plaintiff seeks leave to serve

25  limited discovery for the sole purpose of identifying those nurses, nursing supervisors and the Chief

26  Medical Officer identified by defendants in their depositions.  Plaintiff indicates that he thereafter

27  may seek leave from the Court to amend the complaint to name additional defendants and to take

28

U.S. District Court
E. D. California

2

1   depositions of those additional defendants.  In a footnote, however, Plaintiff requests that the Court

2   amend the Discovery/Scheduling Order to grant him leave to (1) propound additional limited

3   discovery to ascertain the identities of additional defendants; (2) add the additional persons identified

4   as defendants, if appropriate; and (3) take the depositions of those additional defendants.

5        On December 22, 2008, Defendants filed an opposition to Plaintiff's motion for leave to

6   amend the scheduling order.  On January 2, 2009, Plaintiff filed a reply.

7                                    **DISCUSSION**

8   A.      Federal Rule of Civil Procedure 16

9        Plaintiff moves pursuant to Rule 16(b) to amend the scheduling order.  Federal Rule of Civil

10  Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good

11  cause . . . ."  The inquiry focuses on the "reasonable diligence of the moving party."  *Noyes v. Kelly*

12  *Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007).  "The pretrial schedule may be modified if it

13  cannot reasonably be met despite the diligence of the party seeking the extension."  *Zivkovic v.*

14  *Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation

15  marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end and

16  the motion to modify should not be granted."  *Id.*

17       Plaintiff contends that he diligently pursued the information relevant to his case and

18  diligently filed the motion to amend after deposing defendants.  Although Plaintiff filed the instant

19  motion shortly after deposing defendants, the Court finds that Plaintiff did not timely pursue

20  discovery in this matter and was not diligent.

21       The Court issued its discovery/scheduling order in December 2007.  Pursuant to that order,

22  the parties were required to complete discovery by August 20, 2008.  However, there is no indication

23  in the record that Plaintiff's counsel attempted to schedule the depositions of defendants prior to July

24  2008.[1]  *See* Declaration of Angelina E. Chew in Support of Reply ("Chew Dec."), ¶ 4.  Further, it

25  appears that Plaintiff's counsel likely did not make any attempts to schedule defendants' depositions

26  until October 2008, after the deadline was extended.

27

28
_____
   [1]Defendants also pointed out at hearing that Plaintiff did not serve written discovery on the defendant doctors until
June 2008.

1    At the hearing, Defense counsel reported that her paralegal contacted Plaintiff's counsel in

2    July 2008 regarding the deposition of Plaintiff.  As one of Plaintiff's attorneys would be gone in

3    August 2008, the parties stipulated to extend the discovery cut-off date to November 30, 2008, to

4    allow for the deposition of Plaintiff and defendants.  Thereafter, defense counsel indicated that

5    Plaintiff's counsel first contacted her regarding defendants' depositions in October 2008.  Plaintiff

6    did not offer any evidence to refute this contention or to demonstrate that his attorneys contacted

7    defense counsel regarding the deposition of defendants prior to October 2008.  The depositions were

8    scheduled in November 2008, shortly before the close of discovery.

9    Insofar as Plaintiff asserts that the failure to discover the additional defendants is due to the

10   "limitations of his incarceration," this assertion does not explain the failure to take defendants'

11   depositions or conduct other discovery in a timely manner.  As Defendants note, Plaintiff's counsel

12   is not incarcerated and there appear to be four attorneys assigned to his case.  Although one of

13   Plaintiff's attorneys was unavailable in August 2008 for depositions, there is no indication that

14   Plaintiff's other attorneys were unavailable to complete the depositions in August 2008.  There also

15   is no evidence that Plaintiff's attorneys were unavailable in September and October 2008.

16   Plaintiff has not demonstrated diligence in pursuing discovery through the deposition of

17   defendants.  Accordingly, Plaintiff's motion to amend the scheduling order is DENIED.

18

19    IT IS SO ORDERED.

20   **Dated:   January 13, 2009**                    **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California